

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

In re

STEPHEN TUDOR ROE,

      Debtor.

Case No. 13-00172
Chapter 13

Re: Docket No. 33

## MEMORANDUM OF DECISION ON
## MOTION TO MODIFY CHAPTER 13 PLAN

The question presented is whether chapter 13 debtor whose income is above median can modify a confirmed plan to provide for a term of less than five years.

The debtor, Mr. Roe, enjoys an income that exceeds the median income in Hawaii for his family size. He proposed and the court confirmed a plan that requires him to pay $705.10 for the first six months and $105.44 for the last fifty four months of the plan term, for a total of $9,923.92.

Mr. Roe has made all of his plan payments to date and has paid a total of $4,968.24. He moves to modify his plan so that his girlfriend will pay the remaining amount under the plan, $4,955.80, in a lump sum. This would shorten the duration of

his plan from five years to fourteen months. The trustee objects, arguing that Mr. Roe cannot propose a modified plan with a duration of less than five years.

There is no question that Mr. Roe could not confirm an initial plan with a duration of less than five years. Section 1325(b)(1) provides that, if the trustee or an unsecured creditor objects to confirmation of a chapter 13 plan, the court cannot confirm the plan unless it provides for (1) full payment of all unsecured creditors or (2) payment to unsecured creditors of "all of the debtor's projected disposable income to be received in the applicable commitment period . . . ." Section 1325(b)4) provides that, if the debtor's income exceeds the applicable median income, the "applicable commitment period" is "not less than five years," unless the plan provides for full payment of all unsecured claims over a shorter period.

The Ninth Circuit has held that these provisions impose a temporal requirement. If the debtor's income is above median, the debtor must propose a five year plan, whether the debtor's disposable income is positive, zero, or negative.[1] This implies that an above-median debtor must propose a five year plan, even if the debtor's plan payments for some or all of that period are zero.

But, as Mr. Roe points out, this case is not about initial plan confirmation, because the court has already confirmed Mr. Roe's plan. He argues that *Flores* is

---

[1] *Danielson v. Flores (In re Flores)*, 735 F.3d 855 (9th Cir. 2013)

2

U.S. Bankruptcy Court - Hawaii    #13-00172    Dkt # 40    Filed 05/28/14    Page 2 of 6

inapplicable, because he is attempting to modify a confirmed plan. He contends that section 1329 permits him to shorten his plan's duration to less than five years.

Section 1329(a) provides that, on request of the debtor, the trustee, or a creditor, the plan may be modified to (among other things) "reduce the time for [the plan] payments. . . ." Section 1329(b) specifies that the modified plan must comply with "[s]ections 1322(a), 1322(b), and 1323(c) . . ., and the requirements of section 1325(a) . . . ." Mr. Roe argues that, by the plain language of section 1329(b), section 1325(b) does not apply to plan modifications. In other words, according to Mr. Roe, a modified plan can provide for payments over a period shorter than the applicable commitment period.

In the *Sunahara* case,[2] the Bankruptcy Appellate Panel for this circuit held that the minimum duration requirement of section 1325(b) does not apply to plan modifications.

> Section 1329(b) expressly applies certain specific Code sections to plan modifications but does not apply § 1325(b). Period. . . .
>
> Simply put, the plain language of § 1329(b) does not mandate satisfaction of the disposable income test of 1325(b)(1)(B) with respect to modified plans. Had Congress intended to impose such a requirement, it could have easily done so by making the appropriate incorporating reference.
>
> \* \* \*
>
> In determining whether to authorize a modification that reduces a

---

[2]*In re Sunahara*, 326 B.R. 768 (B.A.P. 9th Cir. 2005).

3

U.S. Bankruptcy Court - Hawaii   #13-00172   Dkt # 40   Filed  05/28/14   Page 3 of 6

plan term to less than 36 months without full payment of allowed
claims, the bankruptcy court should carefully consider whether the
modification has been proposed in good faith. . . . Such a determination
necessarily requires an assessment of a debtor's overall financial
condition including, without limitation, the debtor's current disposable
income, the likelihood that the debtor's disposable income will
significantly increase due to increased income or decreased expenses
over the remaining term of the original plan, the proximity of time
between confirmation of the original plan and the filing of the
modification motion, and the risk of default over the remaining term of
the plan versus the certainty of immediate payment to creditors.
requirements of § 1329. . . .

[T]he disposable income test of § 1325(b) is not implicated under
a strict reading of § 1329 (except, as we have earlier noted, as a factor in
determining the good faith of the plan modification). Therefore, the
bankruptcy court may approve a debtor's modification to his plan so as
to complete it in fewer than 36 months without having to pay unsecured
claims in full.[3]

There is some tension between the BAP's decision in *Sunahara* and the Ninth

Circuit's subsequent en banc decision in *Flores*. The following language might suggest

that a plan modification must adhere to the applicable commitment period:

A minimum duration for Chapter 13 plans is crucial to an important
purpose of § 1329's modification process: to ensure that unsecured
creditors have a mechanism for seeking increased (that is, non-zero)
payments if a debtor's financial circumstances improve
unexpectedly . . . . [E]ven if a debtor has no projected disposable
income at the time of plan confirmation, and his or her statutorily
required payments under § 1325(b)(1)(B) are therefore $0, unsecured
creditors may request a later modification of the plan to increase the
debtor's payments if the debtor acquires disposable income during the

---

[3]*Id.* at 781-82. This aspect of *Sunahara* is still good law after the 2005 Bankruptcy Code
amendments. *Fridley v. Forsythe (In re Fridley)*, 380 B.R. 538, 543-44 (B.A.P. 9th Cir. 2007).

4

U.S. Bankruptcy Court - Hawaii    #13-00172    Dkt # 40    Filed 05/28/14    Page 4 of 6

pendency of the applicable commitment period. Creditors' opportunity to seek increased payments that correspond to changed circumstances would be undermined by an interpretation of § 1325(b)(1)(B) that relieves debtors from a minimum plan duration merely because they have no projected disposable income at the time of plan confirmation.[4]

Mr. Roe correctly points out that these comments are dicta, in that the court did not have to interpret section 1329 in order to decide the case before it. I am unwilling to disregard the carefully considered words of the en banc majority of the court of appeals.

I think, however, that this language does not foreclose a modification of the kind Mr. Roe proposes. The court of appeals observed that "an" important purpose of section 1329 is to permit upward adjustments if the debtor's circumstances improve. But that is not the section's only purpose. Section 1329(a) also permits modifications that would reduce the plan payments or shorten the plan's term. Although *Flores* underscores the importance of allowing creditors to seek higher plan payments, the court must not have meant to preclude debtors from proposing smaller or faster plan payments, because section 1329 permits those options also.

Additionally, *Flores* cites *Fridley*, which explicitly reaffirmed *Sunahara*.[5] The Ninth Circuit presumably knew the holding of *Sunahara*, yet it did not address it. This

---

[4] *Flores*, 735 F.3d at 860.

[5] *Id.*; *Fridley*, 380 B.R. at 540 ("We now adhere to our *Sunahara* precedent in cases subject to BAPCPA.")

5

minimizes any inference that the court intended to disallow the debtor to modify his plan to allow him to prepay his creditors.

    Mr. Roe still must establish that he is making the proposal in good faith. *Sunahara* confirms that good faith is a multifaceted concept. Mr. Roe's motion simply says that his girlfriend wishes to prepay his plan payments in a lump sum. That is not enough to establish his good faith. At the hearing, Mr. Roe's counsel said that Mr. Roe is about to incur a child support obligation of $400 to $500 per month. Counsel's statements are not evidence, of course, and even if they were admissible they do not paint the complete picture on which a good faith finding must be based.

    A further hearing on Mr. Roe's motion will be held on June 26, 2014. If he wishes to pursue his plan modification, Mr. Roe must file one or more declarations or other evidence establishing his good faith by June 12, 2014. The trustee and other parties in interest may respond by June 19th, 2014.

**END OF DECISION**

U.S. Bankruptcy Court - Hawaii   #13-00172   Dkt # 40   Filed  05/28/14   Page 6 of 6